INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court terminated the parental rights of the father in L.A.S. The mother of the child is deceased. The trial court also ordered that legal custody of the child remain with the maternal aunt and uncle. The father appeals.
The only issue raised on appeal is whether the trial court erred by not considering viable alternatives.
In view of the limited issue raised by the father, we pretermit a detailed discussion of the facts and circumstances leading up to the termination of parental rights. Suffice it to say that evidence of sexual abuse of the child by the father was clearly established. Furthermore, the testimony at the hearing indicates that, in view of the abuse, less drastic alternatives were not available in this instance. The father never admitted that the abuse occurred and has made no effort to adjust his circumstances to deal with his problem. Further, there was testimony of a mental health counselor who recommended that it would be in the child’s best interests not to visit with the father. A social service supervisor involved in the case also testified that “[reuniting [the child] with her family would be totally against her best interests, for we felt the abuse outweighed the priority to do this.” The child’s counselor also opined that it was in the child’s best interests to sever completely her ties and contacts with the father.
We also point out that the trial court made a finding of fact that the father sexually abused the child, that he had taken no steps to rehabilitate himself, and that he was unwilling and/or unlikely to do so in the future. That order, in part, is as follows:
“The Court finds from clear and convincing evidence which is competent, material, and relevant in nature, presented on September 25, 1989, which includes consideration of the grounds for termination as contained in Sections 26-18-7(a) and (b), Code of Alabama 1975, that the child in this case was sexually abused by her father, Reuben Smith, that although he has maintained regular visits and contact with the child as allowed by the Court, he has made no effort to adjust his circumstances to deal with his abuse of said child as evidenced by his continued denial that any such abuse ever occurred. The Court also finds that the father, Reuben Smith, is unlikely, unable, and unwilling to correct his behavior which resulted in the abuse of said child, again this being evidenced by his continued denial that any abuse occurred and his confusion as to what might cause his child to act and respond as an abused child, as manifested by her bed-wetting, masturbation, and fear, guilt, and other abused symptoms displayed by the child toward her father.”
In view of the above, we find no merit in the father’s argument on appeal.
*271 This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ„ concur.